The decision below is signed as a decision of

the court.

Signed: July 10, 2005.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA


In re                          )
                               )
BASHMA W. NURRAUDDIN,          )    Case No. 03-02204
                               )    (Chapter 7)
              Debtor.          )
_____  )
                               )
LISA ALEXANDER,                )
                               )
              Plaintiff,       )
                               )
         v.                    )    Adversary Proceeding No.
                               )    04-10030
BASHMA W. NURRAUDDIN,          )
                               )
              Defendant.       )


          <u>OPINION RE DISMISSING ADVERSARY PROCEEDING</u>

     The plaintiff, Lisa Alexander, failed to file a pretrial

statement and failed to appear at the scheduled pretrial

conference.  This led to an order to show cause why the

adversary proceeding ought not be dismissed.

     To put the matter in context, this adversary proceeding

involved the following facts.  Alexander was the landlord of

the debtor-defendant, Bashma W. Nurrauddin.  Alexander's

complaint refers to Nurrauddin having applied to rent from Alexander using a Social Security Number different than the Social Security Number used by Nurrauddin in filing her bankruptcy petition.  Alexander's complaint also refers to Nurrauddin's destruction of her property.  These allegations came close to alleging a debt procured by fraud, nondischargeable under 11 U.S.C. § 523(a)(2)(A), and a debt for willful and malicious injury to property, nondischargeable under 11 U.S.C. § 523(a)(6).  The court says that the allegations came close because the complaint failed to allege that the Social Security Number was used with an intent to defraud Alexander and that the use actually caused Alexander to advance credit (in the form of a lease) as required by § 523(a)(2)(A), and failed to allege that the destruction arose not from negligence or recklessness but from willful and malicious destruction of the property.

The court accordingly set the matter down for a pretrial conference and issued a detailed scheduling order directing the parties as to what had to be included in their pretrial statements.  Neither party filed a pretrial statement.  At the pretrial conference itself, only Nurrauddin appeared (through counsel).  The court accordingly issued its order to show cause why the proceeding ought not be dismissed, and setting a

deadline of October 22, 2004 for a response.

Alexander's unsigned response was filed late on October 23, 2004, without a motion for enlargement of the time to respond. The response further includes no certificate of service showing service on counsel for Nurrauddin. In her response, Alexander apologizes for failing to appear at the pretrial conference, but without explanation. She states that she "has every desire to move forward with this proceeding however, financial funding for legal representation is not available at this time." However, she has failed to file a pretrial statement and a schedule of witnesses and exhibits. She refers to documentation she has already supplied as part of her complaint, and then states "[i]f the court could provide specific instructions in terms of what other documentation needs to be provided, the plaintiff will readily do so."

The court's scheduling order was already explicit regarding what was required to be included in a pretrial statement, including listing witnesses and exhibits. The court's order to show cause referred to the inability of Alexander to prove her case if she listed no witnesses or exhibits. Yet, Alexander has failed to comply with the simple task of preparing a pretrial statement, including filing as

part of that pretrial statement a list of witnesses and
exhibits.

Although the court is required to treat pro se litigants
with some liberality, the court is also obligated to treat the
opposing party fairly, and to play a disinterested role.
Furthermore, the court has an obligation to construe the
Federal Rules of Bankruptcy Procedure to "secure the just,
speedy, and inexpensive determination of every case and
proceeding."  F.R. Bankr. P. 1001.

The court concludes that it ought to dismiss this
proceeding.  Alexander has given no excuse for not appearing
at the pretrial conference.  Placing this proceeding back on
track will entail considerable delay, especially because
Alexander is proceeding without counsel; time would be
required of the court in assisting Alexander (if that were
appropriate) in complying with her pretrial requirements and
her obligations at trial.  The court's scheduling order
already clearly enunciated what each party's pretrial
statement was to include.  Moreover, Narrauddin would likely
be subjected to additional unwarranted expense in dealing with
an opponent whose missteps have already required one
appearance of counsel at a pretrial conference unattended by
Alexander.  Finally, it is not at all clear that facts exist

4

that would permit Alexander to establish a valid

nondischargeability claim under either § 523(a)(2)(A) or §

523(a)(6): she has yet to allege that she relied on the

erroneous Social Security Number, or that the destruction of

furniture was willful and malicious (as opposed to negligent).

Accordingly, the court is signing a judgment dismissing this proceeding.

[Signed above.]

Copies to: All counsel of record.